IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANGEL FERRERAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-053 |
| | ) | |
| WALT WELLS, Warden, CCA McRae | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

On December 15, 2004, Petitioner was arrested on drug-related charges. (See doc. no. 1, p. 2). Petitioner plead guilty to the charges, and on April 6, 2006, he was sentenced 46 months' imprisonment, followed by three (3) years' supervised release, and a $100.00 special assessment. (Id. at 12). Petitioner did not appeal his sentence. (Id. at 2).

---

[1]As "it appears from the application that the applicant or person detained is not entitled" to the relief that he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

Petitioner contends that, under the Bureau of Prisons's ("BOP") calculation of his sentence of confinement, he is projected to receive 180 days of good conduct time. (Id. at 12). However, Petitioner maintains, "[I]f the intent of Congress [was] to apply Good Time to 'Term Imprisonment' as stated in Title 18 U.S.C. § 3624(b), Petitioner would receive[] a total earned and projected amount of 204 days for a term of 46 months imposed by sentencing." (Id.). Petitioner concludes, relying on White v. Scibana, 314 F. Supp. 2d 834, 838 (W.D. Wis. 2004), that the BOP has improperly calculated his sentence of confinement. (See id. at 3). Candidly, Petitioner admits that he has not attempted to exhaust administrative remedies. (Id. at 4). The Court resolves the issue as follows.

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative

2

> remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

As the Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed. Appx. 356, 358 (11th Cir. 2006) (*per curiam*).[2] Although some courts within the Eleventh Circuit have noted that, under certain circumstances, a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[3] E.g., Jones v. Zenk,

---

[2] The Court recognizes that, although the Eleventh Circuit has previously suggested that exhaustion of administrative remedies is a jurisdictional issue in cases commenced pursuant to 28 U.S.C. § 2241, Jaimes, 168 Fed. Appx. at 358, the issue is somewhat unsettled in light of the Supreme Court's recent ruling in Bowles v. Russell, 551 U.S. ___, 127 S. Ct. 2360 (2007). In Bowles, the Supreme Court held that, because the petitioner filed an untimely notice of appeal, the Sixth Circuit Court of Appeals lacked jurisdiction over an appeal from the district court's denial of a § 2241 petition, and that it would no longer recognize the unique circumstances exception to excuse an untimely notice of appeal. Id. at 2361. Furthermore, the Supreme Court explained that there are distinctions between limitations set forth in a statute, which limit a court's jurisdiction, and those based on court rules, which do not limit a court's jurisdiction. Id. However, unlike the instant case, Bowles did not involve a § 2241 petition or an exhaustion of administrative remedies issue.

[3] "On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion

3

495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). Nevertheless, Petitioner is still subject to the requirement of administrative exhaustion. Martin v. Zenk, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295). In any event, courts applying a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.[4]

Here, Petitioner has shown neither the existence of exceptional circumstances nor the futility of administrative review. Furthermore, even if Petitioner had argued that a favorable outcome would be unlikely, such an argument would not make the administrative remedy futile. See Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it [does not], in denying relief the Bureau [of Prisons] may give a statement of its reasons that is helpful to the district court in considering the merits .

---

requirement in § 2241 cases may be waived." Jones v. Zenk, 495 F. Supp. 2d 1289, 1297-98 (N.D. Ga. July 6, 2007) (internal citations and quotations omitted).

[4] In Jones, the petitioner admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because, according to the petitioner, such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue.... What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added). Here, Petitioner has not argued, and it does not appear, that the BOP has enforced any rule "in the face of its invalidation." Indeed, the Eleventh Circuit affirmed the BOP's interpretation of 18 U.S.C. § 3624(b)(1). Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). Therefore, the critical facts of Jones are dissimilar from those presented in this case.

. . ."). In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

## B. Proper Calculation of Good Credit Time

Even if the Court were to excuse Petitioner's failure to exhaust administrative remedies, he would not be entitled to the relief sought in the above-captioned petition. As previously discussed, the basis for Petitioner's § 2241 petition is the contention that § 3624(b)(1) requires that his GCT be calculated based on the time he has been sentenced to serve rather than - as the BOP calculates GCT - based on the time he actually serves. (See doc. no. 1, pp. 10-12). However, as discussed below, Petitioner's argument concerning the calculation of GCT has already been rejected by the Eleventh Circuit.

Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). In this regard, the BOP has promulgated a regulation concerning the proper method for calculating GCT time, which states, "Pursuant to 18 U.S.C. § 3624(b). . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20.

First, it should be noted that the decision upon which Petitioner bases his argument has been reversed. See White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004), *cert. denied*, White v. Hobart, 545 U.S. 1116 (2005). More importantly, the Eleventh Circuit has decided that, although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."[5] Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion. Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White, 390 F.3d at 1002-03; Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)). Therefore, Petitioner is clearly not entitled to the relief that he seeks in the form of the recalculation of his GCT.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] Furthermore, the Eleventh Circuit decided that, because the BOP's interpretation of § 3624(b)(1) is reasonable, the rule of lenity is inapplicable. Brown, 416 F.3d at 1273.